IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAWRENCE O. DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-189-GPM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 08-30185-GPM |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Mr. Daniels filed the pending petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts mandates that such motions "shall be examined" and "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Such is the case here. Mr. Daniels's § 2255 motion is meritless and shall be dismissed on the Court's threshold review.

Mr. Daniels was indicted on August 20, 2008 and charged with seven counts (the eighth count of the indictment was a forfeiture allegation). SDIL Criminal Case No. 3:08-cr-30185-GPM-1 (Doc. 1). Counts one, two, and three charged distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). Counts four and five charged possession with intent to distribute crack cocaine. Count six charged Mr. Daniels with being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). Count seven charged Mr. Daniels with possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Mr. Daniels pleaded not guilty, went to trial in this Court, and on February 12, 2009, the jury returned verdicts against Mr. Daniels on all counts. He was sentenced by the undersigned on May 11, 2009 to 370 total months incarceration (3:08-cr-30185-GPM-1 Doc. 69). That 370 months was comprised of 240 months on counts one and five to run concurrently; 310 months on counts two, three, four, and six to run concurrent with each other and with the 240 months sentence on counts one and five; and 60 months on count seven to run consecutive to the terms on counts one through six. Mr. Daniels appealed and on February 4, 2011, the Seventh Circuit Court of Appeals affirmed his conviction and sentence (3:08-cr-30185-GPM-1 Doc. 113).

In this § 2255 motion, Mr. Daniels raises four grounds for relief, all argued as claims for ineffective assistance of counsel: (1) his counsel ineffectively investigated the lack of nexus to interstate commerce in count six of the indictment; (2) counsel failed to object to the jury instruction for possession of a firearm; (3) counsel failed to object when the Court allegedly failed to sentence Mr. Daniels on count six; and (4) counsel failed to investigate the requisite elements of count seven.

Allegations of ineffective assistance of counsel are of course evaluated under the two-prong Strickland test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *cert. denied*, 552 U.S. 1118 (2008), *citing Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court's review of attorney performance is "highly deferential," with the underlying assumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*,

466 U.S. at 690.   Under *Strickland*, a petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance prejudiced the defendant such that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Morgan v. Hardy*, 662 F.3d 790, 802 (7th Cir. 2011), *quoting Strickland*, 466 U.S. at 694. In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

<u>Mr. Daniels's First and Second Grounds for Ineffective Assistance of Counsel</u>

Count six of the indictment charged Mr. Daniels with possession of a firearm when he had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1) (Doc. 1, p. 3-4).   Mr. Daniels's argument is that the indictment was deficient in that it did not state that the firearm had traveled in interstate commerce.   Count six of the indictment states:

> On or about December 18, 2007, in St. Clair County, Illinois, within the Southern District of Illinois, Lawrence O. Daniels, defendant herein, having previously been convicted of a felony punishable by imprisonment for a term exceeding one year, namely: Attempt Murder (count 1) and Armed Violence (count 2), in St. Clair County, Illinois, on February 3, 1993, in Case No. 90-CF-868, did knowingly possess, **in and affecting commerce,** a firearm…

(emphasis added).

The Court first finds this argument to be, not a true ineffective assistance of counsel argument, but an argument regarding the sufficiency of the indictment that could have been and should have properly been raised on direct appeal. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007), *quoting McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Therefore, a § 2255

motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal, "unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (*overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). "A claim that has been procedurally defaulted ordinary may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008), *quoting Bousley v. United States*, 523 U.S. 614, 622 (1998).

Further, there was no prejudice. At Mr. Daniels's trial "[a] firearms expert testified that the weapons were made in another state and had traveled in interstate commerce," and there was no dispute that the guns had traveled in interstate commerce." (3:08-cr-30185-GPM-1 Doc. 113-1). The jury was instructed that in order to sustain the charge in count six, the Government was required to prove the firearm had traveled in interstate commerce (3:08-cr-30185-GPM-1 Doc. 47). Mr. Daniels's second ground for relief is tied into his first here. He complains that the jury instructions constructively, and inappropriately, amended the indictment. What the instructions did, however, was ensure that the jury considered every element of § 922(g)(1).

The indictment was sufficient. *See United States v. McCarty,* 862 F.2d 143, 145 (7th Cir. 1988) ("The language 'did knowingly possess in and affecting commerce' adequately charged the interstate commerce element of § 922(g) and was sufficient to allow [defendant] to prepare a defense to that charge."). Petitioner is not entitled to relief. *See DeMaro v. Willingham,* 401

F.2d 105, 106 (7th Cir. 1968) ("[A]s in the case of a writ of habeas corpus, where as here, there is jurisdiction of the crime charged and of the person indicted, the sufficiency of the indictment is not subject to collateral attack and efficiencies of proof or alleged errors of law must assume constitutional proportions before they can be considered.  This is particularly true as in the case at bar where the sufficiency of the indictment and evidence were reviewed by prior direct appeal.").

<u>Mr. Daniels's Third Ground for Ineffective Assistance of Counsel</u>

Mr. Daniels's third basis for relief argues that the Court failed to sentence him on count six and counsel failed to object to that omission.  Here Mr. Daniels is simply misinformed.  His judgment states that he was sentenced to a period of incarceration on count six (3:08-cr-30185-GPM-1 Doc. 69).  There is plainly no basis for relief here.

<u>Mr. Daniels's Fourth Ground for Ineffective Assistance of Counsel</u>

Count seven charged Mr. Daniels with possession of a firearm during a drug trafficking crime and reads:

> On or about December 18, 2007, in St. Clair County, Illinois, within the Southern District of Illinois, Lawrence O. Daniels, defendant herein, during and in relation to a drug trafficking crime, to wit:   possession with intent to distribute cocaine in the form of cocaine base commonly known as "crack," a Schedule II Controlled Substance, as more fully described in Count 4, and possession with intent to distribute cocaine hydrochloride, a Schedule II Controlled Substance, as more fully described in Count 5, and **in furtherance of such drug trafficking crime, did knowingly possess a firearm**, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(emphasis added).  Here, Mr. Daniels argues that his attorney should have objected to the sufficiency of the indictment because § 924(c)(1)(A) requires "some type of active involvement of the gun" (Doc. 1, p. 27).  Section 924(c)(1)(A) does pertain to any person who, during and in relation to a drug trafficking crime "uses or carries a firearm, or who, in furtherance of any such

crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The indictment tracks the statute. Counsel was not ineffective for failing to raise a frivolous challenge to the indictment. There is no basis for § 2255 relief here.

Upon the review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court finds it plain that Mr. Daniels is not entitled to relief. The § 2255 motion is thus **DENIED** and this action **DISMISSED**.

**IT IS SO ORDERED.**

**DATED**: November 7, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge