IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAWRENCE O. DANIELS,

Petitioner,

v.

                                         Civil Case No. 12-cv-189-DRH
                                         Criminal Case No. 08-cr-30185-GPM-DGW-1

UNITED STATES OF AMERICA,

Respondent.

### MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.    Introduction

Pending before the Court is petitioner Lawrence O. Daniels' motion to reopen his § 2255 habeas case (Doc. 6). Petitioner brings this motion alleging new claims not raised in his initial § 2255 motion. Based on the following, the Court **DENIES** the motion to reopen the § 2255 habeas case.

### II.    Background

On February 12, 2009, petitioner was convicted on seven counts ranging from drug possession and distribution, to possession of a firearm during a drug trafficking crime. (*USA v. Daniels*, 3:08-cr-30185-GPM-1, Doc. 52-58). Counts one, two, and three charged distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). Counts four and five charged

possession with intent to distribute crack cocaine. Count six charged petitioner as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). Count seven charged petitioner with possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner was sentenced to 370 total months incarceration on May 11, 2009 (3:08-cr-30185-GPM-1, Doc. 69).  He filed an appeal after sentencing, but the Seventh Circuit Court of Appeals affirmed his conviction and sentence on February 4, 2011 (3:08-cr-30185-GPM-1, Doc. 113).

Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on March 1, 2012 (Doc. 1).  The motion raised four grounds for relief, all of which claimed ineffective assistance of counsel. The Court concluded that petitioners' § 2255 motion was meritless and dismissed the motion on threshold review (Doc. 3). Petitioner now seeks to reopen his § 2255 motion under the guise of bringing new claims.

### III.  Discussion

In petitioners' motion to reopen, his argument for relief centers around a claim that he should be appointed counsel in order to prevent further "mistake, inadvertence and excusable neglect" in his post-conviction proceedings (Doc. 6). However, this argument is unsound.  The law is clear that petitioner does not have a constitutional right to counsel in bringing a motion under 28 U.S.C. § 2255.

Unlike a criminal proceeding, a § 2255 suit, as it is a civil matter, does not constitutionally guarantee the petitioner appointment of counsel. *Rauter v.*

*United States,* 871 F.2d 693, 695 (7th Cir.1989). Petitioner cites to Rule 8(c) of the Rules Governing Section 2255 Proceedings as support for his argument for appointed counsel. Rule 8(c) requires the appointment of counsel for indigent prisoners "if an evidentiary hearing is *required.*" *See* Rule 8(c), 28 U.S.C. foll. § 2255 (emphasis added). In this case, the Court denied Daniels' §2255 motion without a hearing, meaning he has no statutory right to counsel. In light of the fact that no hearing was required, the Court is not obligated to appoint counsel.

In addition, Petitioner mistakenly cites to 18 U.S.C. § 3006, which is a *criminal procedure* statute. As mentioned above, a motion pursuant to 28 U.S.C. § 2255 initiates a *civil* action. 18 U.S.C. § 3006 is simply inapplicable to the motion at issue. In sum, Daniels failed to present a claim that warrants the relief he seeks.

### IV.   Conclusion

For the reasons as discussed herein, petitioner Lawrence Daniels' motion to reopen his § 2255 habeas case (Doc. 6) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 11th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.11 16:22:55 -05'00'

**Chief Judge**
**United States District Court**